UNITED STATES of America,
Plaintiff/Appellant,

v.

HICKMAN COUNTY, TENNESSEE,
Defendant/Appellee.

No. 01–5680.

United States Court of Appeals,
Sixth Circuit.

March 18, 2003.

Before SILER and MOORE, Circuit Judges; and McKINLEY, District Judge.*

PER CURIAM.

Plaintiff, United States of America, filed suit under the False Claims Act (FCA), 31 U.S.C. §§ 3729–3733, against defendant, Hickman County, a political subdivision of Tennessee. The United States alleged that the county fraudulently sought federal disaster funds to replace several bridges purportedly damaged as a result of a flood. The United States sought mandatory treble damages and penalties. The district court dismissed the case, finding that it lacked subject matter jurisdiction because the county is not a person subject to such a suit filed under the FCA. For reasons stated herein, we **REVERSE**.

After suit was filed in this case in the district court, the Supreme Court decided *Vermont Agency of Natural Resources v. United States ex rel. Stevens*, 529 U.S. 765, 787–88, 120 S.Ct. 1858, 146 L.Ed.2d 836 (2000). As a consequence, the district court held that the county, as a subdivision of the state of Tennessee, was not a person subject to a *qui tam* suit under the FCA. Although the *Stevens* case involved a private citizen as the relator, and was filed against a state agency, the district court in this case felt that the decision applied equally to suits filed by the United States of America against counties. Because of

* Honorable Joseph H. McKinley, United States District Judge for the Western District of Kentucky, sitting by designation.

that, it dismissed the case for lack of jurisdiction.

The district court could not have foreseen that the Supreme Court would decide another case directly on point while this appeal was pending. In *Cook County v. United States ex rel. Chandler*, — U.S. ——, 123 S.Ct. 1239, 155 L.Ed.2d 247 (2003), the Court held that the *Stevens* decision did not bar recovery under the FCA against local governments. Thus, local governments are considered persons under the FCA and the potential remedy of treble damages does not preclude recovery against a county government.

Therefore, the decision of the district court is **REVERSED** and this case is **REMANDED** to the district court for further proceedings consistent with the decision in *Chandler*.